Bradbury, J.
The plaintiff in error seeks in this court a reversal of the judgment of the circuit court of Crawford comity. It filed herein with its petition in error, a paper which purports to comprehend a copy of the journal entries in the common pleas and circuit courts, a copy of the original papers, or of certain substituted copies of original papers that had been lost. An inspection of this paper discloses that it contains a copy of the petition and such subsequent pleadings in the action as made up the issue on which the cause was tried; first, in the court of common pleas and afterwards on appeal in the circuit court. It also sets forth in detail every step taken in the action from the filing of the petition until the final decision of the cause in the circuit court. There appears on the face of this paper nothing to suggest a suspicion that it does not contain a com-, píete transcript of every pleading or paper filed in the cause and of the journal entries relating thereto to be found in the common pleas and circuit courts. In fact, defendants in error do not contend that this paper is not a complete transcript of the pleadings, journal entries, etc., but base their objection to its remaining on the files of this court on what they claim to be a defective certificate of authentication made by the clerk of the circuit court. The statute, section 6723, Revised Statutes (before the amendment of April 25, 1898), requires proceedings in error to be commenced within six months from the rendition of the judgment complained of. Proceedings in error are commenced by filing a petition in error and section 6716, Revised Statutes, requires the transcript, etc., to be filed with the petition in error.
*223 The rights to institute and carry on proceedings in error is strictly statutory. If therefore the plaintiff in error has not complied with the conditions prescribed by the statute as necessary to entitle it to a review of the judgment of which it complains, it has no right to have that judgment reviewed. One of these requirements, as we have seen, is that the petition in error and a transcript of the proceedings must be filed within six months from the rendition of the judgment sought to be reversed. It follows, therefore, as a matter of course, that if an authenticated transcript is necessary, and is not filed within the six months, the petition and transcript should be stricken from the files. If such a transcript is necessary, and must be filed within the time prescribed, then as it is now too late to begin proceedings anew the plaintiff in error has lost its right to a review of the judgment of the circuit court.
It is at least a debatable question whether an authentication of the transcript by the clerk of the court where the judgment is found is necessary in a proceeding in error. In the case of appeals, section 5235, Revised Statutes, requires the clerk, in direct terms, to !‘make an authenticated transcript,” etc. But section 6716, which prescribes the kind of transcript to file with the petition in error, is silent as to an authentication by the clerk. The statute simply requires “a transcript” tobe fil,ed.
If an authentication by the clerk is necessary, it is not because of any express statutory declaration to that effect. Of course, a true transcript must be filed. Doubtless an authentication by the clerk is the most satisfactory as well as the easiest method of establishing the correctness of a tran *224 script, and as section 6717, Revised Statutes, makes it the duty of the clerk to furnish an authenticated transcript, to anyone interested in a cause upon request and-the payment of the proper fees, this method of authentication has become quite universal.
Without pursuing further this question as to the necessity of an authentication, by the clerk but assuming that it is necessary, we will briefly consider the sufficiency and amendability of tile certificate attached to the paper in question. It is in the following terms:
The State of Ohio, )
Crawford County, j ss’
I, A. H. Laughbaum, clerk of the court of common pleas, within and for said county, and in whose custody the files, journals and records of said court are required by the laws of the state of Ohio to be kept, hereby certify that the foregoing is taken and copied from the original and substituted pleadings, and that said foregoing copy-has been compared by me with the original and substituted pleadings, and that the same is a correct transcript thereof.

In testimony whereof, I do hereby sub- ■ scribe my name officially, and affix the seal of said court, at the court house in Bucyrus, in said county, this twenty-fifth day of March, A. D.. 1897.
A. H. Laughbaum, Clerk.
Section 6716, Revised Statutes, prescribing what the plaintiff in error shall file with his petition reads as follows:
“Section 6716. The plaintiff in error shall file with his petition in error either a transcript of the *225 final record, or a transcript of the docket or journal entries, with such original papers or transcripts thereof as are necessary to exhibit the error complained of; and, if original papers and pleadings are filed, and the final record has not been made, the reviewing court may permit the temporary withdrawal of the originals for a reasonable time, to allow the recording thereof, or direct copies' thereof to be made and filed, and the originals to be returned to the inferior tribunal.”
• Now, it is quite clear that one of two things must be done by the plaintiff in error when he files his petition in error. First, he may file a transcript of the final record. That, of course, includes all the pleadings, papers and proceedings taken in the cause, from its commencement to its conclusion or, Second, he may file a transcript of the docket or journal entries and either the original papers themselves or copies thereof. In the case before us the plaintiff in error adopted the latter method. The paper in question shows on its face that it purports to give a copy of the pleadings and a copy of the journal entries. The certificate, above recited, which was attached to thjs paper, states simply that the paper contains copies of original and substituted pleadings. This phraseology in regard to the pleadings was necessary because a number of the pleadings had been lost and copies had been substituted, and the paper contained copies of the substituted as well as of the original pleadings which had not been lost. This certificate, therefore, authenticates the correctness of the copies of the pleading’s, but entirely fails to state anything concerning the journal entries. The latter, therefore, were wholly unauthenticated. It *226 is just as important that the journal entries, which recite the action of the court below, should be correctly transcribed and brought before the reviewing court as that the pleadings should be correctly transcribed. The certificate of the clerk failing to do this, it must be held to be defective in a material matter.
This brings us to the question of its amendability. Section 5114, Revised Statutes reads as follows:
“Section 5114. The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading- or proceeding to the facts proved; and when an action or proceeding fails to conform to the provisions of this title, the court may permit the same to be made conformable thereto, by amendment. ’ ’
The power of amendment thus authorized is very broad. Where there is nothing on which an amendment may rest, of course none can be made. Here, however,' the certificate made by the clerk falls to state that the journal entries of the court of common pleas and circuit court have been correctly transcribed into the paper in question. If, as a matter of fact, that paper contains a correct transcript of such entries the certificate of the clerk does not state all that it should state. Surely here we have something on which an amendment may rest. We have before us the very instru *227 ment — the certificate of authentication — sought to. be amended.
To permit the amendment to be made is clearly “in the furtherance of justice.” The objection to the paper is purely technical. It rests not upon any ground that goes to its completeness or correctness, but upon the ground that the official certificate of the clerk of the circuit court does not formally declare it to be complete and correct. As before shown, however, the plaintiff in error is required by section 6716, Revised Statutes, to file a transcript, etc., within six months from the rendition of the judgment complained of. This, of course, means, that a complete transcript shall be filed within that time. After the lapse of that period no material matter can be added to a transcript previously filed. If, however, the paper before us 'is a correct transcript of the pleadings and journal entries, it is the clear duty of the clerk of the circuit court to so certify, and the plaintiff in error should be permitted to take the paper temporarily from the files of this court for the purpose of having such certificate made.

Judgment accordingly.